The complaint states two causes of action, each of which is a claim to recover personal property, with damages for its wrongful detention. Upon the trial the plaintiff endeavored to make out a wrongful conversion by his agent of a draft or bill of exchange, and was held by the court who tried the cause to have failed in so doing. The defendant was the agent of the plaintiff to make the sale and collect the proceeds, and when he received from the purchaser a bank draft, payable to his own order, he was not acting in violation of his duty in reducing it into money, or having it passed to his own credit in bank. Undoubtedly the plaintiff might have demanded the draft of him upon his receipt of it, and would have been entitled to the specific delivery of it so long as it remained in the defendant's possession; but, in the absence of such demand, the defendant might lawfully dispose of it in the ordinary course of business. The duty of an agent for sale is to account for the proceeds of his principal's property, but he is not guilty of a conversion if he does not deliver the specific proceeds to his principal. That he afterwards equivocated about the fact of payment, and misconducted himself, as the case discloses, will not render his previous lawful conduct unlawful. The plaintiff was, therefore, correctly held to have failed in the proof of his case as alleged. It is, however, contended he should not have been nonsuited, but should have had *Page 254 
judgment for the debt, which the defendant upon the proof appeared to owe him. It is, of course, clear that no such thing was possible under the old system of procedure, and it is equally clear that the right which alone could sustain a recovery, as upon contract, is distinct from and even inconsistent with the right upon which the action for a wrongful conversion could be maintained, although each relates to or grows out of the same personal property. But the question is, whether the provisions of the Code, liberal as they are in respect to variances, can be held to cover such a case as this, or whether we are not bound to say that the allegation of the cause of action was unproved, not in some particulars only, but in its entire scope and meaning, and that it was not a case of variance, under sections one hundred and sixty-nine and one hundred and seventy of the Code, but a failure of proof under the one hundred and seventy-first section. Other provisions of the Code furnish, I think, conclusive proof that the defect in this case brings it within the latter provision. If the plaintiff had put into his complaint a statement of his cause of action, as founded on contract, such in substance as he now asks to have judgment upon against the defendant, and had joined it with the allegations contained in the present complaint, the whole pleading would have been bad upon demurrer, under the provisions of section one hundred and sixty-seven, subdivisions two and six, and section one hundred and forty-four, subdivision five.
All the judges concurring,
Judgment affirmed *Page 255